People v Zdatny (2021 NY Slip Op 01659)





People v Zdatny


2021 NY Slip Op 01659


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1020 KA 16-00922

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS J. ZDATNY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 20, 2016. The judgment convicted defendant upon a jury verdict of attempted assault in the first degree, assault in the second degree, attempted robbery in the first degree and attempted robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences of imprisonment imposed for attempted assault in the first degree under count two of the indictment and for attempted robbery in the first degree under count four of the indictment to determinate terms of eight years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), assault in the second degree (§ 120.05 [2]), attempted robbery in the first degree (§§ 110.00, 160.15 [3]), and attempted robbery in the second degree (§§ 110.00, 160.10 [2]). The charges arose from defendant's unsuccessful attempt to rob a cab driver at knifepoint. Sitting behind the victim, defendant pulled out a knife and put it to the victim's neck. The victim grabbed the knife and a struggle ensued during which the vehicle, which had been stopped, started moving and crashed into a tree. During the struggle, the victim sustained a wound to his hand (from grabbing the knife) and a cut on his neck that was not life threatening. Both men then exited the vehicle.
After realizing that the victim had been injured, defendant yelled for help and said, "I did it." Defendant took off his sweatshirt and offered it to the victim to staunch the bleeding. When neighbors and others arrived at the scene, they saw defendant crying and pleading with them to help the victim. Although no one prevented him from fleeing, defendant remained at the scene until the police arrived and was taken into custody without incident. When approached by the responding officer, defendant said, "Officer, I stabbed him. I was trying to rob him." While in custody, defendant repeatedly asked whether the victim was going to be all right. The victim was given stitches for his wounds and released from the hospital later that night.
The People's initial plea offer to defendant involved him pleading guilty to attempted murder in the second degree with a sentence of between 8 and 10 years. Defendant rejected that offer and went to trial. The jury acquitted defendant of attempted murder but convicted him of the four remaining counts. Supreme Court sentenced defendant to determinate terms of imprisonment of 12 years for attempted assault in the first degree and attempted robbery in the first degree, and to determinate five-year terms of imprisonment for assault in the second degree and attempted robbery in the second degree. All sentences are concurrent.
We agree with defendant that, under the unique circumstances of this case, the sentence is unduly harsh and severe. Defendant was 41 years old when he committed the crimes in this case, [*2]and he had previously been convicted of only one other crime, a misdemeanor in 2001 for which he was sentenced to probation. The presentence report indicates that defendant has an extensive history of mental illness and no prior incidents of violence. Defendant expressed extreme remorse about his actions, both in a long letter to the court and orally at sentencing, and the court stated that it believed that every word stated by defendant "is from the heart and is true." This was no doubt a horrific experience for the victim to endure, and defendant deserves stern punishment. In our view, however, 12 years in prison is too severe for this defendant, who is by no means a hardened criminal.
Thus, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentences of imprisonment imposed for attempted assault in the first degree under count two of the indictment and attempted robbery in the first degree under count four of the indictment to determinate terms of eight years (see CPL 470.15 [6] [b]), to be followed by the five-year period of postrelease supervision imposed by the court. We note that the sentence as modified is within the sentencing range contemplated by the People's initial plea offer, which was to the top count of the indictment for which defendant was acquitted.
We have reviewed defendant's remaining contentions and conclude that they do not require reversal or further modification of the judgment.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court